IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT DORSEY,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:23-cv-01390 |
| v. | : | |
| | : | (Judge Kane) |
| **DR. MARSH, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 by pro se Plaintiff Vincent Dorsey ("Dorsey"). The Court has ordered Dorsey to update his mailing address and he has not responded. The Court will accordingly dismiss this case with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

I.   BACKGROUND

Dorsey filed this case on June 15, 2023, in the Centre County Court of Common Pleas. (Doc. No. 1-1.) On August 1, 2023, Defendants removed the case to this district pursuant to 28 U.S.C. § 1441, and later moved to dismiss the complaint for failure to state a claim upon which relief could be granted on August 30, 2023. (Doc. Nos. 1, 3.) Mail to Dorsey was returned as undeliverable on September 20, 2023, with a notation on the mail indicating that Dorsey was paroled from the custody of the Pennsylvania Department of Corrections ("DOC") on July 5, 2023. (Doc. No. 6.) The Court issued an Order on September 29, 2023, requiring Dorsey to update his address on or before October 31, 2023, and stating that if he failed to do so the Court would order him to show cause why the case should not be dismissed for failure to prosecute. (Doc. No. 7.) Dorsey did not respond to that Order, so on November 3, 2023, the Court issued an Order requiring him to show cause on or before November 17, 2023 why the case should not be dismissed for failure to prosecute. (Doc. No. 8.) Dorsey has again failed to respond. This

Court has not received any communications or filings from Dorsey at any point since the case was removed to federal court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." See Fed. R. Civ. P. 41(b). District courts have the inherent power to dismiss an action sua sponte for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

See id. at 868. Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

## III. DISCUSSION

Beginning with the first Poulis factor, because Dorsey is proceeding pro se, he is personally responsible for his failure to comply with the Court's orders requiring him to update his address. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). The first Poulis factor accordingly weighs in favor of dismissal. The second Poulis factor—prejudice to the adversary—also weighs in favor of dismissal. Dorsey's failure to update his address has made it impossible for Defendants to proceed with this case.

Examining the third factor—a history of dilatoriness—the Court observes that Dorsey has failed to comply with multiple Orders requiring him to update his address. This failure to comply with Court Orders demonstrates an intention to discontinue this litigation. See, e.g., Cohn v. PSU, No. 1:20-cv-00961, 2022 WL 2231826, at *9 (M.D. Pa. June 21, 2022). The third factor accordingly weighs in favor of dismissal.

The Court finds that the fourth and fifth Poulis factors—whether Dorsey's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal. First, his failure to abide by Court Orders demonstrates a willful disregard for procedural rules and court directives. See id. Second, because Dorsey has not communicated with this Court in any manner, the Court is without any viable alternative to dismissal.

The Court finds that the sixth factor, the meritoriousness of Dorsey's claims, is neutral. Due to the procedural posture of the case and Dorsey's failure to respond to Court Orders, the Court has not yet had occasion to analyze the merits of Defendants' motion to dismiss his complaint for failure to state a claim upon which relief may be granted. The Court accordingly cannot say as a matter of law whether Dorsey's complaint has merit.

Upon balancing the Poulis factors, the Court finds that dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is warranted. Further, in light of Plaintiff's failures to comply with Court Orders and silence since the case was removed to federal court, the Court will dismiss this action with prejudice. See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order"). The Court will deny Defendants' motion to dismiss as moot based on the dismissal of the case pursuant to Rule 41(b).

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss this case with prejudice for failure to prosecute and deny Defendants' motion to dismiss as moot. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
